**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALLCARE HOSPICE, INC., f/k/a
Comforting Care Hospice, Inc.,

Plaintiff-Appellant,

v.

KATHLEEN SEBELIUS, Secretary,
United States Department of Health and
Human Services,

Defendant-Appellee.

No. 12-7081
(D.C. No. 6:11-CV-00365-FHS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**O'BRIEN**, Circuit Judge.

---

Plaintiff AllCare Hospice, Inc. (AllCare) provides hospice services to

terminally ill patients. AllCare receives reimbursement from the Secretary of Health

and Human Services (Secretary) for hospice care provided to Medicare recipients.

Congress has set an annual limit, or cap, on aggregate reimbursement for hospice

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

services provided to these Medicare recipients. In the event that the amount reimbursed to a provider such as AllCare exceeds the cap, the Secretary is entitled to seek repayment from the provider.

Between April 4, 2007 and December 7, 2010, the Secretary, acting through a fiscal intermediary, issued several overpayment notices to AllCare seeking repayment of amounts allegedly overpaid during the years 2003 through 2009. AllCare did not immediately contest these overpayment notices, but instead made arrangements to pay the amounts due. On July 21, 2011, however, AllCare filed appeals with the Provider Reimbursement Review Board (PRRB) from each of the notices in question, challenging the Secretary's regulation used to calculate the amounts due.

The PRRB dismissed AllCare's appeals because they had not been filed within the prescribed 180-day period for appeal, *see* 42 U.S.C. § 1395*oo*(a)(3) (establishing 180-day deadline for appeal to PRRB), and because AllCare had failed to show good cause to receive an extension of time for appeal. AllCare then sought review of the PRRB's decision in district court. The district court dismissed AllCare's petition for review, reasoning that the PRRB's dismissal of AllCare's appeal and denial of a good cause extension was not a "final decision" that was subject to judicial review and the decision whether to grant such an extension was in any event committed to agency discretion and therefore unreviewable. Given AllCare's failure to timely exhaust its claims before the PRRB, the district court determined it lacked jurisdiction to address the merits of AllCare's claims. Nor was jurisdiction available under the federal

question statute, 28 U.S.C. § 1331, the so-called *Bowen* exception, the *Kyne* doctrine, or through a petition for writ of mandamus. Finally, AllCare lacked standing to assert one of its arguments—a challenge to the Secretary's regulation concerning expedited judicial review.

"Our review of the district court's dismissal for lack of subject matter jurisdiction is de novo," *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (internal quotation marks omitted), as is our review of a dismissal based on lack of standing, *Petrella v. Brownback*, 697 F.3d 1285, 1292 (10th Cir. 2012). On appeal, AllCare raises the following arguments: (1) the district court erred in finding it lacked subject-matter jurisdiction to review AllCare's claims; (2) the district court erred in its determination concerning AllCare's standing; and (3) jurisdiction over its claims was available under the Mandamus Act, 28 U.S.C. § 1361. Having carefully reviewed the briefs, the record, and the applicable law, we affirm the district court's judgment for substantially the reasons stated in its well-reasoned Order and Opinion of October 23, 2012.

Entered for the Court

John C. Porfilio
Senior Circuit Judge

12-7081, *AllCare Hospice v. Sebelius*

**O'BRIEN**, J., concurring in the result

AllCare is not entitled to judicial relief from the Board's decision. My only concern with the district court's decision is the dismissal of Count Five for lack of jurisdiction (it alleged the Board arbitrarily and capriciously denied its motion for an extension of time to file its claim).

AllCare sought a good cause extension of time to file the subject claim. Such an extension is permitted by regulation, 42 C.F.R. § 405.1836, but not expressly permitted by statute. The same regulation, 42 C.F.R. § 405.1836(e)(4), insulates the Board's good cause determination from judicial review.

Concern arises from an immigration case, *Kucana v. Holder*, 558 U.S. 233 (2010). What I take away from that decision is that Congress can insulate agency decisions from judicial review but an agency cannot, without congressional authorization, do the same. Whether such authorization exists is, at bottom, a matter of statutory construction.

The Medicare statute permits judicial review of "any final decision of the Board." 42 U.S.C. § 1395oo(f)(1). The district court determined "final decision of the Board" to be an ambiguous phrase and afforded *Chevron*[1] deference to regulations defining final decision and specifying the type of decisions subject to

---

[1] *Chevron U.S.A., Inc. v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984).

judicial review. It did not mention *Kucana*, probably because the case was not argued (it is not mentioned in AllCare's filings in this Court).

The district court's dismissal of Court Five for lack of jurisdiction may be correct even though the *Kucana* decision was not considered. In any event, the Board was not arbitrary and capricious in refusing to extend the filing date beyond the 180 days provided by the statutes. Accordingly, I readily vote to affirm, but am unwilling to do so "for substantially the reasons stated in [the district court's] well-reasoned Order and Opinion of October 23, 2012."